3:23-mj-218

DISTRICT OF OREGON, ss:        AFFIDAVIT OF KURT M. CZERWIEN

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Kurt M. Czerwien, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1.    I am a special agent with the Federal Bureau of Investigation (FBI) and have been since March 2011. My current assignment is as an investigator on Portland FBI Field Office's Transnational Organized Crime and Violent Gang squad since April 2022. My training and experience include the use of sophisticated investigative methods needed to conduct sensitive national security, espionage, and organized crime investigations. I have conducted investigations into weapons offenses in violation of Title 18 and drug trafficking offenses in violation of Title 21, United States Code, Sections 841 and 846. Through this training and experience, I have become familiar with the manner in which drug traffickers and those who illegally possess firearms use electronic communications to store, transmit, and distribute information to carry out criminal activity.

2.    I submit this affidavit in support of a criminal complaint and arrest warrant for Chase Wayne Harbison (hereinafter "HARBISON") for the crime of the distribution and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and use of a firearm or possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C § 924(c). As set forth below, there is probable cause to believe, and I do believe, that HARBISON has committed violations of 21 U.S.C. § 841(a)(1) by the distribution and possession with intent to distribute controlled substances and 18 U.S.C § 924(c) by the possession of a firearm in furtherance of a drug trafficking offense.

3. This affidavit is intended to show only that there is sufficient probable cause for the criminal complaint and requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

## Applicable Law

4. Title 21 U.S.C. § 841(a)(1) prohibits the distribution and possession with intent to distribute controlled substances.

5. Title 18 U.S.C § 924(c) prohibits the possession of a firearm in furtherance of a drug trafficking offense.

## STATEMENT OF PROBABLE CAUSE

### Investigation Background

6. The Portland FBI, Portland Police Bureau (PPB), and Multnomah County Sheriff's Office (MCSO), and other law enforcement agencies are currently investigating the BROOD gang which constitutes a criminal enterprise that is involved in drug and firearms distribution, robberies, burglaries, and car theft.

**A.  Initiation of Investigation into Tracie Harbison's Drug Trafficking Organization (DTO)**

8. On or around March 2023, the Portland Police Bureau (PPB) identified a drug trafficking organization (DTO) centered around Tracie Harbison ("Tracie") that was operating in Southeast Portland, Oregon which distributed Methamphetamine and Fentanyl. PPB received

drug house complaints from neighbors and began investigating the allegations with a series of PPB cases. On March 30, 2023, PPB obtained further evidence of the drug trafficking during an interdiction of a car suspected to be Tracie Harbison's drug customer and wrote a cellphone seizure and search warrant for this person's discarded cellphone. The interdiction also resulted in the recovery of distribution amounts of controlled substances. The review of the cellphone provided officers with further evidence of the drug trafficking by this DTO.

9. On June 5, 2023, the PPB executed a search warrant at 14185 NE Halsey St, Portland, Oregon which was being used by Tracie Harbison for the distribution of controlled substances. Investigators believe that this DTO centered around Tracie who had multiple individuals under her distributing drugs on her behalf. During the execution of the search warrant, officers detained numerous individuals to include Tracie, Kristi Cullum, Michael Llanos, and Zachary Smith who were present inside the residence.

10. Officers located approximately 486 grams of suspected powdered Fentanyl with packaging, approximately 761 grams of suspected Methamphetamine with packaging, approximately 21 grams of suspected heroin with packaging, and approximately 12 grams of suspected cocaine with packaging in Tracie Harbison's bedroom along with drug ledgers, packaging, digital scales, and her cellphone which was search pursuant to a state search warrant. The cellphone of Michael Llanos was also seized and searched pursuant to a federal search warrant. The review of the cellphones and the investigation to date led to the FBI identifying Chase HARBISON as a member within this DTO who distributed controlled substances and assisted his mother, Tracie Harbison, and others with drug trafficking. Based on this the FBI obtained federal search warrants on Chase Harbison, who was suspected of distributing controlled substances on behalf of his mother, Tracie Harbison.

11. On December 19, 2023, U.S. Magistrate Judge Youlee Yim You authorized federal search warrants, **23-mc-1087-A-F**, for the following: HARBISON's residence (1817 NE 66th Ave, Apt 45, Portland, OR 97213) hereinafter ("Premises 1"), two storage units, Unit 1021 hereinafter ("Premises 2") and Unit 3174 hereinafter ("Premises 3"), at West Coast Self-Storage Halsey (1530 NE 67th Ave, Portland, OR 97213), a light grey/blue Mercedes C230 with no plates/tags hereinafter ("Vehicle 1"), the person of HARBISON hereinafter ("HARBISON"), and Harbison's cellphone hereinafter ("Harbison Cell Phone").

12. On the morning of December 20, 2023, at approximately 6:00am, the FBI executed the search warrants on HARBISON. HARBISON was contacted and detained outside his residence working on the car of an associate of his, William Tindell. HARBISON's car, Vehicle 1, was parked nearby and was found to be unlocked. During the search of Vehicle 1, a small black shoulder bag was found sitting on the driver's side floorboard just in front of the driver's seat. A search of the bag found a Glock 26 handgun with serial number, UVC581, two small bags of white substance, and one cellphone which I believe to be the Harbison Cell Phone. Based on my training and experience and that of other law enforcement officers, I believe the white substances are Methamphetamine. Investigators conducted a NIK field test on the white substance seized from Vehicle 1 and it tested a presumptive positive for methamphetamine. Investigators will send the seized substance to the Oregon State Police Crime Lab for testing. The total weight of the two bags was approximately 30 grams with packaging, which, combined with all the other evidence seized this date (firearms, scale, larger quantity in toilet), I believe to be a distribution amount of controlled substances. I know from the review of Tracie Harbison's and Michael Llanos' cellphones that the DTO was involved with the distribution of Methamphetamine and that HARBISON was involved as well.

13. I know that the only other occupant at Premises 1 is HARBISON's girlfriend, Ashley Kenney. During surveillance, both HARBISON and Kenney were seen driving in Vehicle 1 and it appeared that HARBISON was the primary driver. Kenney had her own car, which was registered to her, that was parked nearby. Kenney was asked if the black bag and handgun in Vehicle 1 belonged to her. Kenney clearly denied having any association or ownership of the black bag or handgun found in the vehicle. Kenney was asked if she drove Vehicle 1 the day prior and she denied driving the vehicle that day. Investigators observed the vehicle depart the day prior but were unable to positively confirm whether HARBISON was the driver or not. Kenney consented to providing a DNA sample for comparison to any DNA samples from the seized firearms.

14. Another reason I believe the seized firearm and controlled substances from Vehicle 1 belongs to HARBISON comes from the review of geo-location data from a court authorized search warrant on HARBISON's cellphone, HARBISON Cell Phone, which was authorized on December 15, 2023 by U.S. Magistrate Judge Jolie Russo. On the morning of December 20, 2023, investigators observed the geo-location data for the HARBISON Cell Phone depart Premises 1 at approximately 2:00 am and travel to parts of North Portland before traveling to the Tualatin, Oregon area. By approximately 4:00 a.m. the geo-location data showed that HARBISON had returned home. Investigators observed the departure and arrival of the Vehicle 1 on surveillance video which coincided with the geo-location data. I believe that HARBISON was the last driver of the vehicle as it did not appear to be accessed by Kenney that morning.

15. During the search of Premise 1, investigators located additional controlled substances in the residence, specifically in the master bedroom that HARBISON and Kenney shared. Soon after the search started, investigators found a large amount of suspected white

substance that had been dumped into the bathroom toilet but not flushed. Approximately 199 grams with packaging of the white substance was recovered from the toilet by investigators. Based on my training and experience and that of other law enforcement officers I believe this white substance to be Methamphetamine. I do not know who or when the substances were dumped as only Kenney and a neighbor, Charlene Tindell were in the residence when the FBI knocked and announced their presence. I know that criminals and drug traffickers often attempt to dispose of controlled substances by flushing them down the toilet when contacted by law enforcement.

16. Investigators observed drug packaging in Premise 1 and found a scale with suspected drug residue in HARBISON's bedroom closet. Additional controlled substances were found inside this closet. The following items were found: one container with approximately 32.1 grams with packaging of a white substance, one container with approximately 34.4 grams with packaging of a white substance, one container with approximately 35.3 grams with packaging of a white substance, one bag containing approximately 54.2 grams with packaging of a white substance, and one bag containing approximately 27.9 grams with packaging of a white substance. Investigators conducted a NIK field test on one of the bags of white substance seized from HARBISON's bedroom closet and it tested a presumptive positive for methamphetamine. Investigators will send the seized substances to the Oregon State Police Crime Lab for testing.

17. Based upon the larger amount of drugs that someone attempted to destroy and the multiple smaller amounts of suspected controlled substances that I believe to be Methamphetamine, I believe that HARBISON was distributing controlled substances, specifically Methamphetamine. These suspected controlled substances were found in close proximity to a scale with drug residue and other packaging in the residence, Premise 1. The

amount of suspected Methamphetamine that was found in HARBISON's vehicle, Vehicle 1, is similar in weight to the multiple other amounts that were found in HARBISON's closet. I believe that HARBISON had packaged and was in the process of packaging these smaller amounts of Methamphetamine for individual sale.

18. During the search of Premise 1, four additional firearms were found and seized. One AR-15 style rifle, with serial number AV03619, was found to be leaning upright in the same closet where the multiple smaller packages of suspected controlled substances were found along with a scale. Near the closet was a handgun with no serial number and in a small black fanny pack in HARBISON's room was another Glock 26 handgun. This firearm had an obliterated serial number. Under the mattress in HARBISON's room was a Mossberg 12-gauge shotgun with serial number, MV02464M.

19. Based on my training and experience, I know that individuals engaged in the distribution of drugs often carry firearms to protect themselves, their drugs, and their drug proceeds from other criminals who may want to rob them. I believe that HARBISON was trafficking drugs and believe that the handgun he had in Vehicle 1 and the other firearms in his residence were meant to protect himself, his drugs, and his drug proceeds.

## Conclusion

20. Based on the foregoing, I have probable cause to believe, and I do believe, that CHASE HARBISON committed the crime of distribution and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C § 924(c). I therefore request that the Court issue a criminal complaint and arrest warrant for CHASE HARBISON.

21.     Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrants were all reviewed by Assistant United States Attorney (AUSA) Leah K. Bolstad, and AUSA Bolstad advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

### Request for Sealing

22.     I further request that this Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested arrest warrant, including the application, this affidavit and the requested arrest warrant. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may seriously jeopardize this ongoing investigation. Premature disclosure of the contents of this the application, this affidavit, the attachments, and the requested search warrant may adversely affect the integrity of the investigation.

<i>s/ by telephone</i><br>
Kurt M. Czerwien<br>
Special Agent, FBI

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __5:36 pm__ a.m/p.m. on December __20__, 2023.

_____<br>
THE HONORABLE YOULEE Y. YOU<br>
United States Magistrate Judge